IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America,** )<br>     **Plaintiff,** )<br> )<br> **v.** )<br> )<br> **Jason Anthony,** )<br>     **Defendant.** ) | No. 20 C 7063<br><br>Judge Ronald A. Guzmán |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion under 28 U.S.C. § 2255 is denied. Defendant's request for an evidentiary hearing is denied. The Court declines to issue a certificate of appealability. Civil case terminated.

### STATEMENT

On April 4, 2019, Defendant was charged in a one-count indictment with possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty and was sentenced to 80 months' imprisonment. Defendant did not appeal. In the instant motion under 28 U.S.C. § 2255, Defendant contends that counsel was ineffective for (1) failing to object at sentencing to the Court's purportedly not ruling on a disputed issue of fact in the presentence investigation report ("PSR"); (2) failing to consult with Defendant about filing a notice of appeal; and (3) not objecting to the Court's purported violation of Federal Rule of Criminal Procedure ("Rule") 11(b)(1)(G), by not instructing Defendant as to the elements of the offense during his change-of-plea hearing. (§ 2255 Mot., Dkt. #1.)

To prevail on a claim that trial counsel was ineffective, Defendant must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), establishing that (1) his lawyer's performance fell below an objective standard of reasonableness and (2) that he was prejudiced, i.e., there is a reasonable probability that the result of the proceedings would have been different, but for his counsel's unprofessional errors. *Id.* at 694.

As to the first issue, Defendant's plea agreement included an "agree-to-disagree" clause, in which the government indicated that pursuant to U.S.S.G. § 3C1.2, it would seek a two-level increase in Defendant's offense level "because [he] recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Defendant reserved the right to oppose the two-level increase. In his sentencing memorandum, Defendant did not challenge the accuracy of the facts in the PSR (as corrected, see explanation below), but argued that they did not support the two-level enhancement, contending that Defendant's flight from law enforcement was brief in duration and distance, he was traveling only 45 to 50 miles per hour, no other vehicles were forced from the road, no one

was injured, and the flight did not result in a collision. (*U.S. v. Anthony*, No. 19 CR 703, Def.'s Sent. Mem., Dkt. # 51, at 3.)

During the sentencing hearing, the Court confirmed that the probation officer had, in fact, recommended a two-level increase under U.S.S.G. § 3C1.2, and that the text in the initial PSR stating otherwise was in error.[1] (*U.S. v. Anthony*, No. 19 CR 207, 12/17/19 Sent. Tr., Dkt. # 58, at 3-5.) The Court then overruled Defendant's objection to the two-level increase and adopted the PSR's Guidelines calculations. (*Id.* at 5.) Defendant argues that his attorney was ineffective for not objecting to the Court's purported violation of Rule 32(i)(3)(B),[2] contending that it failed to articulate findings of fact as to whether Defendant acted recklessly in fleeing law enforcement and creating a substantial risk of death or serious bodily injury. But there was no dispute about the accuracy of the facts underlying the enhancement, just the application of the enhancement itself. Thus, because the Court did not err in failing to rule on a disputed fact that was not at issue, counsel was not deficient in failing to raise the issue.[3]

Nor were the facts insufficient to support the enhancement. As the corrected PSR states, law enforcement was surveilling Defendant when he entered a car and drove away; then,

> 9. . . . Officers began following the defendant, observed him disregard a traffic signal and attempted to conduct a traffic stop. The plea agreement reflects the defendant drove away at a high rate of speed as officers exited their own vehicle. A vehicular pursuit followed, during which Mr. Anthony drove at a high rate of speed northbound on Calumet Avenue and westbound 56th Street, before coming to a stop at or near 5522 South Indiana Avenue.

---

[1] The text in the PSR was corrected to reflect that the probation officer did, in fact, recommend the two-level enhancement, despite language in the initial PSR indicating he was not making such a recommendation. (*U.S. v. Anthony*, No. 19 CR 207, 12/17/19 Sent. Tr., Dkt. # 58, at 4) ("THE COURT: Okay. So the sentence that states 'although not recommended for a two-level guideline increase' is in error? PROBATION OFFICER: Yes, your Honor.").

[2] Rule 32(i)(3)(B) provides, in pertinent part, that "[a]t sentencing, the court . . . (A) may accept any undisputed portion of the presentence report as a finding of fact; [and] (B) must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]"

[3] It is worth noting that, at sentencing, the Court declined to impose a below-guidelines sentence, stating that:

> the thing that makes it really bad as far as I'm concerned is this fleeing from the police. I mean, 40 to 50 miles an hour in a residential area where one pedestrian has to jump out of the way to keep from getting killed, that's not right. And it doesn't show maturity. It doesn't show good judgment. It doesn't show a change in attitude. It shows all the wrong things.

(*U.S. v. Anthony*, No. 19 CR 207, 12/17/19 Sent. Tr., Dkt. # 58, at 12.)

> 10. Lieutenant Brown corroborated the aforementioned details of the defendant's attempt to evade officers and reported that the pursuit, which lasted one to two minutes and spanned up to approximately ¾'s of a mile, entailed speeds of up to 45 to 50 miles per hour through mostly "tight residential streets" that were not heavily populated during the pursuit. Lieutenant Brown related that the defendant nearly struck a pedestrian walking through a crosswalk and this individual had to "jump out of the way" in order to avoid being struck by the defendant's vehicle.

(*U.S. v. Anthony*, No. 19 CR 207, Corrected PSR, Dkt. # 56, at ¶¶ 9-10.)

Defendant's argument opposing application of the enhancement did not undermine the facts supporting the enhancement. Absent any actual evidence to the contrary, the findings in the PSR established by a preponderance of the evidence the facts supporting the two-level enhancement. *See United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008) (noting that "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information" and because "[t]he defendant bears the burden of proving that the PSR is inaccurate or unreliable," "if he offers no evidence to question the PSR's accuracy, the court may rely on the PSR"). Significantly, in his instant § 2255 motion, Defendant again does not offer any basis for concluding that the factual underpinning for the enhancement as stated in the PSR and applied by the Court is incorrect.

Moreover, the government satisfied its burden of establishing the application of the enhancement. To establish that a defendant's sentence should be enhanced for reckless endangerment, the government must show that the defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer. *United States v. Thomas*, 294 F.3d 899, 906-07 (7th Cir. 2002) (citing U.S.S.G. § 3C1.2). Defendant admitted in his plea agreement that he fled the traffic stop at a high rate of speed and did not deny the representations of Lt. Brown, as contained in the PSR, that he maneuvered through "tight" residential streets and almost struck a pedestrian, who had to jump to safety. The government satisfied its burden of showing by a preponderance of the evidence that the enhancement applied. *See id*. (noting that § 3C1.2 does not require that the defendant's acts cause actual injury, only that the defendant's behavior posed the risk of injury to others).

Not only has Defendant failed to show that counsel's performance was deficient, but he has not established that the result of his sentencing hearing would have been different had counsel voiced an objection to the Court's purported failure to resolve a dispute of fact. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (rejecting the defendant's ineffective-assistance-of-counsel claim based on counsel's failure to challenge sentencing enhancement where the defendant failed to ""point to any evidence he would have presented that would create a reasonable probability that the result of [his sentencing] proceedings would have been different.'") (citations omitted). For these reasons, this basis for relief is denied.

In the third claim, which the Court addresses next because its resolution is relevant to Defendant's second claim, Defendant asserts that the Court erred in not explaining the elements of the offense to which he was pleading guilty, in violation of Rule 11(b)(1)(G). According to

Defendant, if the elements had been properly explained to him, he would have rejected the plea and proceeded to trial. To obtain a conviction for violating 21 U.S.C. § 841(a)(1), the government must prove: 1) knowing or intentional possession of the drug, 2) possession with intent to distribute, and 3) knowledge that the drug was a controlled substance. *United States v. Harris*, 325 F.3d 865, 868 (7th Cir. 2003). In his plea agreement, Defendant admitted that he had "read the charge against him contained in the indictment," that the "charge ha[d] been fully explained to him by his attorney," and that he "fully underst[ood] the nature and elements of the crime with which he ha[d] been charged." (*United States v. Anthony*, No. 19 CR 207, Plea Agreement, Dkt. # 45, at ¶¶ 3-4.) In addition, he admitted to the following facts:

> . . . [O]n September 5, 2018, ANTHONY parked a Hyundai in the rear parking space of a residence located at 6206 South Harper Avenue in Chicago, Illinois and entered the residence. Shortly thereafter, ANTHONY exited the residence carrying a dark-colored Versace shopping bag, which held five clear, knotted plastic bags, containing approximately 259 grams of heroin. After exiting the residence, ANTHONY got into the driver's seat of the Hyundai with the Versace shopping bag and departed the area. While driving the Hyundai, ANTHONY failed to obey a light at the intersection of Stony Island Avenue and 60th Street in Chicago, after which law enforcement stopped his vehicle. As law enforcement exited their vehicle, ANTHONY drove off at a high rate of speed. Law enforcement then followed ANTHONY.
>
> While fleeing from law enforcement, ANTHONY reached out the driver's side window of his car and dropped the Versace shopping bag containing the heroin at approximately 331 East 56th Street in Chicago. Thereafter, ANTHONY brought his car to a stop and he was arrested. At the time of his arrest, ANTHONY spontaneously stated, "Go ahead and search the car. I ain't got shit in there."
>
> ANTHONY acknowledges that, shortly after he was arrested, law enforcement recovered the Versace shopping bag containing the heroin that he had dropped out of his car window while fleeing from law enforcement. After law enforcement read him his Miranda rights, ANTHONY asked law enforcement if he could get his heroin back. ANTHONY intended to distribute the heroin to his own wholesale and retail customers.

(*Id.,* ¶ 6.)

During his plea colloquy, Defendant stated the following:

> THE COURT: Okay. The indictment charges you with possession with intent to distribute 100 grams or more of heroin in violation of Title 21 United States Code Section 841(a)(1). Is that the offense you're pleading guilty to?
>
> THE DEFENDANT: Yes, sir.
> . . .

4

>THE COURT: And before putting your signature on that last page, did you review the document, the plea agreement, with your attorney?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Okay. After reviewing it with your attorney, are you satisfied that you understand all of the terms and conditions in the plea agreement?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Okay. Do you have any questions for me about this plea agreement or any portion of it that you do not understand?
>
>THE DEFENDANT: No, sir.

(*United States v. Anthony*, No. 19 CR 207, 9/12/19 Plea Tr., Dkt. # 57, at 6.)

The government then read a similar factual basis as set forth in the plea agreement. Defendant admitted that he heard the recitation of facts by the government, that those facts were true, and that he did "all those things." (*Id.*, at 12-13.) For these reasons, Defendant's claim that his plea was not knowing and voluntary because the elements of the offense were not presented to him is denied. *Torzala v. United States*, 545 F.3d 517, 523 (7th Cir. 2008) (rejecting the defendant's argument that his plea was not knowing and voluntary where "the charging information accurately set forth each of these elements, as did the plea agreement [the defendant] signed"). As an offshoot of this argument, Defendant contends that "his ex-lawyer failed to discuss [with him] the evidence as it bears o[n] the elements to convict as to Count One." (Reply, Dkt. # 16, at 6.) This assertion, however, is belied by Defendant's admissions, both in the plea agreement and at the plea colloquy, as described above; this claim is, therefore, denied.

Finally, Defendant asserts that counsel was ineffective for failing to consult with him about whether he should file a notice of appeal. Defendant requests an evidentiary hearing on the issue. An evidentiary hearing must be held if the petitioner "alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). When reviewing a § 2255 motion, the court must "review evidence and draw all reasonable inferences from it in a light most favorable to the government." *Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *2 (N.D. Ill. Jan. 23, 2020) (citation and internal quotation marks omitted).

In a claim alleging a failure to consult regarding appeal, the Supreme Court has stated that "to satisfy the first prong of the *Strickland* test, namely that counsel's performance was deficient, the defendant must show that his counsel's failure to consult [regarding an appeal] resulted in a deficient performance because either: (1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Bednarski v. United States*, 481 F.3d 530, 536 (7th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). Defendant claims that had counsel consulted with him, he would have indicated that he was interested in filing an appeal relating to the arguments discussed above regarding the two-

level sentencing enhancement under § 3C1.2 and the purported Rule 11 violation during his plea colloquy. Because neither of these claims has merit, the Court does not find that a rational defendant would want to raise them on appeal. Nor has Defendant established that he reasonably demonstrated to counsel that he was interested in filing an appeal and that counsel failed to file one. Defendant was fully advised of his (limited) appellate rights during the plea colloquy.[4] Defendant does not state that he ever asked or attempted to ask counsel to file an appeal.

Under § 2255 Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Defendant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (similar). Defendant has failed to make that showing, so a certificate of appealability is denied.

**Date**: April 13, 2021

_____
**Ronald A. Guzmán**
**United States District Judge**

---

[4] The Court informed Defendant that:

> . . . you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal the sentence itself under certain circumstances, particularly if you think that the sentence is contrary to the law. You have the right to apply for leave to appeal in forma pauperis, which means without paying the fee that is usually required, and the clerk of the court will prepare and file a notice of appeal for you if you request it. With few exceptions, any notice of appeal must be filed within 14 days of the entry of the judgment I have announced I intend to enter in this case.

(*United States v. Anthony*, No. 19 CR 207, 9/12/19 Plea Tr., Dkt. # 57, at 19.)